## WILLIE O'NEIL v. STATE.

No. A-6311. Opinion Filed Dec. 29, 1927.
(262 Pac. 218.)

E. A. Bryce, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Oklahoma county of the crime of murder, and his punishment fixed at death.

The information was filed on December 19, 1925, charging O'Neil with the murder of Mark H. Hipsher, on the 27th day of February, 1925, in Oklahoma county, state of Oklahoma.

Mark H. Hipsher was a street car conductor at the time he was killed, and was operating a street car on the line of the Oklahoma City Railway running on East Eighth street, in Oklahoma City.   Willie O'Neil, the defendant, is a negro man, about 26 years of age at the date of the alleged offense.   The killing was alleged to have occurred on the 27th day of February, 1925, between 8:30 and 9 o'clock.   The testimony shows that defendant got on the street car that Hipsher was operating at the corner of Fourth street and Broadway, in Oklahoma City, and rode out east on Eighth street to the intersection of that street with Missouri street, where after all the passengers had gotten off the car the defendant attempted to rob Hipsher.

The defendant had taken a seat in the back of the car, walked up to the front of the car when it reached Missouri street, and there Hipsher stopped the car, and after stopping the car threw open the front door. The defendant leveled a pistol at him and told him to throw up his hands. Hipsher got out of the car, and defendant followed and shot him twice, from the effects of which wounds Hipsher died.

In the testimony introduced at the trial there is no conflict; it is shown conclusively that the defendant fired the shots that took the life of Mark H. Hipsher. In fact, the defendant himself went on the witness stand and told the circumstances of the attempted robbery and of his shooting the deceased.

Eight errors alleged to have been committed by the trial court are assigned by the defendant as reason why this case should be reversed. The only one that counsel for the defendant has argued or discussed at length is assignment 4, which is as follows:

"The court erred in admitting incompetent evidence on the part of the state prejudicial to the rights of the defendant therein."

Under this assignment the defendant argues that the court erred in permitting state witnesses Ray Frazier, Clarence Hurt, and Ed Snelson, officers, to testify to the confession made by the defendant after his arrest and while in custody of the officers; arguing that the defendant was not advised of his rights to have an attorney, and was merely told that it would be better for him to make the statement, and the defendant was led by the officers to believe that in making a confession he was making the punishment lighter upon himself, and, believing that was an implied promise that he would get a lighter punishment if he would tell the truth, he made his confession. It is true that a confession, in order to be admissible or be consid-

ered, must be made voluntarily; that is, without anybody holding out any hope of reward or leniency or fear of punishment for not doing so. In this case, there is no evidence in the record to show that the defendant was promised by the officers any clemency, nor is there any evidence to show they used violence or duress to secure the statement from the defendant.

As shown by the record in the case, we deem it immaterial as to whether or not the confession was voluntarily given by the defendant. That confession can be dispensed with because of the fact that the defendant voluntarily took the witness stand and testified to the same facts as was disclosed in his confession. As a witness in his own behalf the defendant testified that he shot and killed the deceased while engaged in an attempt to rob the deceased. The defendant's testimony was practically a plea of guilt to murder, leaving to the jury only the question to be decided, whether or not the death penalty should be assessed or should he receive life punishment. As disclosed by the record in this case, the defendant is guilty of vicious and wilful murder without extenuating circumstances, and while he was attempting to rob the deceased.

An examination of the entire record fails to disclose that error was committed by the court in admitting improper evidence. The instructions of the court as a whole were fair to the defendant, and the record otherwise shows that the defendant had a fair trial.

The argument presented by the attorney for the defendant is in the nature of a plea for a modification of the sentence in this case. This court does not feel that it would be justified in modifying a sentence imposed by the jury, as the jury saw the witnesses, their manner of testifying, and was in a position to arrive at a just conclusion as to the punishment to be inflicted in this case, and having arrived at the punishment, it will not be disturbed

by this court. For the reasons herein stated, the judgment and sentence are affirmed.

The date set by the court for the execution of the death sentence having passed, owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Oklahoma county be carried into execution on Friday the 9th day of March, 1928, and the warden of the penitentiary at McAlester is ordered and directed to cause the sentence to be executed according to law.